ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
OCT 19 2005
CLERK, U.S. DISTRICT COURT
By _____
Deputy

| | |
|---|---|
| RODERICK E. HUBERT, #1192974, | § |
| Plaintiff, | § |
| v. | § Civil Action No. 3:04-CV-2573-D |
| DAVID K. HOEL; DALLAS COUNTY DISTRICT ATTORNEY'S OFFICE, | § |
| Defendants. | § |

## CONCLUSIONS AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Pursuant to the District Court's Order of Reference, entered June 22, 2005, Defendant Dallas County District Attorney's Office's ("District Attorney's Office") motion to dismiss, filed June 21, 2005 has been referred to the United States Magistrate Judge for hearing, if necessary, and recommendation.

### BACKGROUND

Plaintiff Roderick E. Hubert ("Plaintiff") is an inmate in the Texas Department of Criminal Justice, Correctional Institutions Division ("TDCJ-CID"). (*Def.'s Mot. to Dismiss* at 1.) He is proceeding *pro se* and initiated this lawsuit on December 1, 2004, pursuant to 42 U.S.C. § 1983. (*Id.*) Plaintiff alleges that the District Attorney's Office conspired with a defense attorney to coerce him to plead guilty to a state felony charge. (*Id.* at 1-2.) The Court issued an order authorizing Plaintiff to proceed *in forma pauperis* on May 16, 2005. (*Id.* at 2.) The District Attorney's Office was served with a summons and copy of the complaint on June 13, 2005. (*Id.*)

The District Attorney's Office filed a motion to dismiss on June 21, 2005. The District Attorney's Office states two grounds for its motion to dismiss. First, the District Attorney's Office states that it is not a separate jural entity that is subject to suit. (*Id.*) Second, it contends that Plaintiff's claims against it are barred by the *Heck*[1] doctrine.

## DISCUSSION

### I. Standard of Review

When considering a motion to dismiss, the Court accepts as true the factual allegations plead by the non-moving party and any reasonable inferences that the Court can draw from the factual allegations. *Sw. Airlines Co. v. Farechase, Inc.*, 318 F.Supp.2d 435, 437 (N.D. Tex. 2004) (citing *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061,1067 (5th Cir. 1994)). The non-moving party "must plead specific facts, not mere conclusory allegations" to survive a motion to dismiss. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). The movant cannot easily prevail because the law does not favor motions to dismiss. *Mahone v. Addicks Util. Dist. of Harris County*, 836 F.2d 921, 926 (5th Cir. 1988). Courts should not grant a motion to dismiss unless "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

### II. Is the District Attorney's Office Subject to Suit?

The first issue before the Court is whether the District Attorney's Office is a separate legal entity that is capable of being sued. In *Darby v. Pasadena Police Department*, the Fifth Circuit explained that "[i]n order for a plaintiff to sue a city department, it must 'enjoy a separate legal existence.'" 939 F.2d 311, 313 (5th Cir.1991) (quoting *Mayes v. Elrod*, 470 F.Supp. 1188,

---

[1]*See Heck v. Humphrey*, 512 U.S. 477 (1994).

2

1192 (N.D. Ill. 1979)). The court further-elaborated that, in order for a city department to be sued, the city must have explicitly granted the department with the authority to sue and be sued. *Id.* Relying upon these principles, the court ultimately held that the City of Pasadena police department was not a separate, legal entity that the plaintiff could sue, and thus it had no "jural existence." *Id.* at 314.

In *Jacobs v. Port Neches Police Department*, the court relied upon the principles enunciated in *Darby*, 939 F.2d 311, and held that the county district attorney's office was not capable of being sued. 915 F.Supp. 842, 844 (E.D. Tex. 1996). The court in *Jacobs* explained that no evidence existed to suggest that the county intended the office to have a separate, legal existence. *Id.*

In accordance with the reasoning in *Darby*, 939 F.2d 311, the Court finds that the District Attorney's Office does not have a separate, legal existence and cannot be sued by Plaintiff. No evidence is present that suggests that the county "has taken explicit steps to grant the servient agency with jural authority." *Darby*, 939 F.2d at 313. The District Attorney's Office cannot initiate litigation on its own behalf. The only litigation the District Attorney's Office can engage in is "in concert with the government itself." *Id.* The Court, therefore, concludes that the District Attorney's Office's motion to dismiss should be granted. Because the Court finds that the District Attorney's Office's motion to dismiss should be granted because it is not a separate, legal entity, the Court does not reach the District Attorney's Office's second argument.

## CONCLUSION

The Court finds that the District Attorney's Office is not a separate-legal entity that is capable of being sued.

## **RECOMMENDATION**

Accordingly, the Court recommends that Plaintiff's claim against the District Attorney's Office be dismissed with prejudice[2] and that the District Attorney's Office's motion to dismiss be **GRANTED**.

Signed this 18 day of October, 2005.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

---

[2] Ordinarily, a *pro se* plaintiff who names a non-jural entity as defendant should be alerted and given an opportunity to amend before dismissal of his complaint. *See Parker v. Fort Worth Police Dept.*, 980 F.2d 1023, 1026 (5th Cir. 1993). Because the Court's recommendation does not dispose of Plaintiff's case in its entirety, the Court does not grant Plaintiff the right to amend to sue the correct jural entity. The Court assumes that if Plaintiff desires to add a party, he will move for leave to amend.

4

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these conclusions and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these conclusions and recommendation must serve and file written objections within ten days after being served with a copy. A party filing objections must specifically identify those conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections to these proposed conclusions and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE