

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RODERICK E. HUBERT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:04-CV-2573-D |
| | § | |
| DAVID K. HOEL, | § | |
| | § | |
| Defendant. | § | |

## CONCLUSIONS AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Pursuant to the District Court's Order of Reference, entered June 30, 2006, the District Court referred Defendant David K. Hoel's ("Defendant") Rule 12(b)(6) Motion to Dismiss, filed June 29, 2006, to the United States Magistrate Judge for report and recommendation. Plaintiff Roderick E. Hubert ("Plaintiff") did not file a response.

### BACKGROUND

Plaintiff is proceeding *pro se* and initiated this lawsuit on December 1, 2004, pursuant to 42 U.S.C. § 1983. (*Id.*) Plaintiff alleges that Defendant conspired with the District Attorney's Office to coerce him to plead guilty to a state felony charge. Defendant was Plaintiff's attorney in the underlying state criminal prosecution. Defendant requests that the Court dismiss Plaintiff's § 1983 claim against him because Defendant did not act under the color of state law.

### DISCUSSION

**I. Standard of Review**

When considering a motion to dismiss, the Court accepts as true the factual allegations plead by the non-moving party and any reasonable inferences that the Court can draw from the factual

allegations. *Sw. Airlines Co. v. Farechase, Inc.*, 318 F. Supp. 2d 435, 437 (N.D. Tex. 2004) (citing *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994)). The non-moving party "must plead specific facts, not mere conclusory allegations" to survive a motion to dismiss. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). The movant cannot easily prevail because the law does not favor motions to dismiss. *Mahone v. Addicks Util. Dist.*, 836 F.2d 921, 926 (5th Cir. 1988). Courts should not grant a motion to dismiss unless "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

Since Plaintiff in this case is proceeding *pro se*, the Court must construe the allegations in the complaint liberally. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (per curiam); *Sec. & Exch. Comm'n v. AMX, Int'l, Inc.*, 7 F.3d 71, 75 (5th Cir. 1993) (per curiam). The Court has an obligation to construe *pro se* plaintiffs' briefs more permissively and to make more allowances. *AMX, Int'l, Inc.*, 7 F.3d at 75. "[P]ro se litigant[s] [are] subject to less stringent standards than [those] represented by counsel." *Id.* (citing *Hughes v. Rowe*, 449 U.S. at 9).

## II. Did Defendant Act Under the Color of State Law?

Defendant alleges that Plaintiff has failed to state a claim upon which relief can be granted because he was not acting under the color of state law and thus cannot be sued under § 1983. (*Def.'s Mot.* at 1.) To state a § 1983 claim, Plaintiff must show that Defendant acted under the color of law and that his conduct deprived Plaintiff of a constitutional right, privilege, or immunity. *Parratt v. Taylor*, 451 U.S. 527, 532 (1981). Section 1983 does not create substantive rights but provides a remedy for deprivations of existing rights. *Wilson v. Garcia*, 471 U.S. 261, 278 (1985). To recover under this section, a plaintiff must prove two elements: (1) an individual acting under the color of

state law committed the alleged deprivation and (2) the individual deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Parratt*, 451 U.S. at 535.

Section 1983 generally does not provide relief for deprivations caused by private individuals or entities. *See West v. Atkins*, 487 U.S. 42, 49 (1988) (stating that "[t]o constitute a state action, 'the deprivation must be caused by the exercise of some right or privilege created by the State . . . or by a person for whom the State is responsible,' and 'the party charged with the deprivation must be a person who may fairly be said to be a state actor'") (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1982)). Private individuals can be held liable under § 1983 only in limited circumstances. For example, if private individuals conspire with government officers, the private individuals may be deemed to have acted under the color of state law. *See, e.g., Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970) (holding that the plaintiff could bring a § 1983 action against defendant, a private restaurant, if she could prove that the restaurant refused her service due to a state-enforced custom of segregation). Private individuals can also be liable under § 1983 if they perform functions "traditionally exclusively reserved to the State." *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 352 (1974). *See, e.g., Marsh v. Alabama*, 326 U.S. 501 (1946).

In this case, Plaintiff does not dispute that Defendant is a private individual. Plaintiff does not claim that Defendant is an employee of the state. The facts alleged by Plaintiff suggest that Defendant is a private attorney that Plaintiff payed to represent him. (*See Pl.'s Compl.* at 5.) Thus, the Court must find that one of the limited circumstances described above exists in order for Plaintiff to state a claim against Defendant under § 1983. The facts do not suggest that Defendant was performing functions "traditionally exclusively reserved to the State." *Jackson*, 419 U.S. at 352.

Defendant does, however, allege that Defendant conspired with a government officer - the state District Attorney.

"A private party may be held liable under § 1983 if he or she is a 'willful participant in joint activity with the State or its agents.'" *Cinel v. Connick*, 15 F.3d 1338, 1343 (5th Cir. 1994) (quoting *Adickes*, 398 U.S. at 152). To state a claim for a conspiracy, Plaintiff must allege facts illustrating (1) an agreement between Defendant and the District Attorney and (2) an actual deprivation of Plaintiff's constitutional rights. *Cinel*, 15 F.3d at 1343 (citing *Villanueva v. McInnis*, 723 F.2d 414, 418 (5th Cir. 1984); *Arsenaux v. Roberts*, 726 F.2d 1022, 1024 (5th Cir. 1982)).

The basis of Plaintiff's § 1983 claim against Defendant is that Defendant conspired with the District Attorney to convince Plaintiff to accept a plea bargain. (*See Pl.'s Compl.* at 12, 13, 14, 15.) Plaintiff also alleges that Defendant failed to file a bond reduction and a motion to quash and that Defendant was aware that Plaintiff had mental problems and failed to secure an incompetency hearing for Plaintiff. (*Id.* at 10, 14, 16.) Plaintiff states that the District Attorney unlawfully had Plaintiff's wife testify against Plaintiff in front of the grand jury and that because of this, the indictment returned against Plaintiff was invalid. (*Id.* at 11-12.)

The Court concludes that Plaintiff has not plead facts sufficient to demonstrate that an agreement existed between Defendant and the District Attorney. Most of Plaintiff's allegations impugn the sufficiency of Defendant's representation of Plaintiff but do not evidence an agreement between Defendant and the District Attorney. Other than mere conclusory allegations of conspiracy, Plaintiff does not allege any facts illustrating that an agreement existed. The only communication between Defendant and the District Attorney that Plaintiff cites is the communication incident to Plaintiff's plea agreement. (*See id.* at 12, 13, 15.) Because Plaintiff was incarcerated during the time

period in question, communication between Defendant and the District Attorney was presumably necessary in order to notify Plaintiff of the District Attorney's plea offers.

The actions of Defendant and the District Attorney of which Plaintiff complains are seemingly independent. Plaintiff alleges conduct of the District Attorney with which he was dissatisfied, such as having his wife testify before the grand jury. (*See id.* at 11.) Plaintiff also alleges conduct of Defendant with which he was dissatisfied, such as trying to convince Plaintiff to accept a plea agreement rather than proceeding to trial. (*See id.* at 12, 13, 15.) Plaintiff does not, however, allege conduct evidencing an agreement between Defendant and the District Attorney. The Court, therefore, concludes that Plaintiff has not alleged facts that satisfy the first requirement of a conspiracy between a private individual and a state actor - an agreement. *See Cinel*, 15 F.3d at 1343. Accordingly, Plaintiff has not stated a § 1983 claim against Defendant because Plaintiff has not demonstrated that Defendant acted under the color of state law.

### III. Conclusion

The Court concludes that Plaintiff has not plead facts illustrating an agreement between Defendant and the District Attorney. Plaintiff, therefore, cannot state a § 1983 claim against Defendant because Defendant is not a state actor.

### IV. Recommendation

The Court recommends that the District Court dismiss Plaintiff's claim against Defendant with prejudice.

Signed this  1  day of August, 2006.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

5

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these conclusions and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these conclusions and recommendation must serve and file written objections within ten days after being served with a copy. A party filing objections must specifically identify those conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections to these proposed conclusions and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).